**William Davis MARTIN, Plaintiff,**

v.

**John W. WARNER, Secretary of the Navy, and Admiral D. W. Cooper, Chief of Naval Reserves, Dept. of the Navy, Defendants.**

**No. 74C 814.**

United States District Court,
E. D. New York.

June 18, 1974.

Stuart Rodney Wolk, New York City, for plaintiff.

U. S. Atty., E. D. N. Y., David S. Trager, U. S. Atty., by Douglas J. Kramer, Asst. U. S. Atty., for defendants.

*Memorandum and Order*

PLATT, District Judge.

Plaintiff has brought suit under Title 28, U.S.C. § 1331(a), has also filed additional papers seeking relief in the nature of mandamus under 28 U.S.C. § 1361 and has moved this Court for a temporary injunction restraining the defendants from proceeding with an investigation into an incident of alleged misconduct on the part of the plaintiff alleged to have occurred on May 3, 1974.

The incident of May 3, 1974 was an alleged act of "streaking" (i. e., running nude before a group of onlookers) which is said to have taken place at the annual convention of Reserve Officers Association, Department of New York, held at the Belmont Plaza, a public hotel in New York City at approximately 11:00 o'clock in the evening.

Apparently certain persons present at such convention complained to Naval personnel that the "streaker" was the plaintiff.

Plaintiff, while admitting that he is on active duty as a Commander in the United States Navy and holds an official Naval billet as East Coast Public Affairs Liaison Officer for the Chief of Naval Reserves, avers that his presence at the Reserve Officers Association Convention was purely voluntary and paid for out of his private funds and in no manner reimbursed by the Department of the Navy nor encouraged thereby. He states in effect that he was at the convention and away from his place of duty and does not admit the alleged misconduct. He further points out that the Reserve Officers Association is a non-military organization comprised of civilian personnel holding reserve commissions in the various branches of the Armed Forces of the United States and that it is a private organization whose members pay annual dues.

Defendants argue that plaintiff's duties as East Coast Liaison Officer "might very well include coverage of the" convention and the incident "might well be considered the flouting of military authority".

By letter dated May 9, 1974 the Chief of Naval Reserves, D. W. Cooper, appointed Captain Walter Charles Larry of the United States Navy to conduct a formal investigation for the purpose of inquiring into all the circumstances connected with the alleged conduct unbecoming an officer by the plaintiff which occurred on 3 May 1974 at the Belmont Hotel in New York City, New York, and to report findings of facts, opinions and recommendations "including any recommended administrative or disciplinary action".

It is this investigation which plaintiff asks this Court to enjoin pending the plenary trial of the issues raised by plaintiff's complaint and in a proceeding in the nature of mandamus herein. While it seems clear to this Court that if the alleged streaking had been performed by an enlisted man having no such coverage duties at an enlisted men's association function under the other circumstances averred by the plaintiff, then the same would probably not be deemed service connected as that term is defined in O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), and *cf:* Relford v. Commandant, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), and United States ex rel. Flemings v. Chafee, 458 F.2d 544 (2 Cir. 1972), rev'd Gosa v. Mayden, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1974). However, such is not the case here and the plaintiff's duty status at the time particularly is not clear.

Thus, insofar as temporarily enjoining any investigation for disciplinary action is concerned, there is at least one major issue of fact. In addition, by reason of the defendants' concession as indicated hereinafter, there is no showing of irreparable injury. Under the circumstances, the Court is reluctant at this time to pass upon the question whether *O'Callahan* may be applicable to an officer at such a convention in a disciplinary investigation. (See footnote 11 to dissenting opinion of Mr. Justice Harlan in *O'Callahan*, 395 U.S. at p. 284, 89 S.Ct. at p. 1696).

Moreover, with respect to any administrative action which might be deemed appropriate by the defendants, the situation is quite different in that *O'Callahan* would appear to be inapplicable. It may or not be as plaintiff argues that any administrative action taken by the defendants as against the plaintiff as a result of the alleged incident will be arbitrary and capricious but any such determination will have to abide the event.

In the meanwhile, in view of the defendants' agreement on the oral argument to hold sealed hearings and to maintain all of the proceedings and any record, reports, recommendations, etc., in a sealed state until the same are released by further order of this Court, there would seem to be no basis for restraining the defendants from conducting an investigation for the purpose of ascertaining the facts and hence to such extent plaintiff's application for a temporary injunction is denied without prejudice to its renewal at a later date if circumstances then appear to warrant it.

So ordered.