William Davis MARTIN, Plaintiff,

v.

John W. WARNER, Secretary of the Navy and Admiral D. W. Cooper, Chief of the Naval Reserves, Department of the Navy, Defendants.

No. 74C814.

United States District Court, E. D. New York.

Sept. 22, 1976.

Ronald Podolsky, New York City, for plaintiff.

David G. Trager, U. S. Atty., E.D.N.Y. by Lewis F. Tesser, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

### MEMORANDUM AND ORDER

PLATT, District Judge.

To put it mildly, this is somewhat of a unique case which is now before this Court for the second time. The Court's first opinion is reported at 377 F.Supp. 1039 (E.D. N.Y. June 18, 1974).

At this juncture, plaintiff moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary

judgment on his amended complaint which seeks a judgment directing that he be promoted to the rank of Captain, USNR, retroactively to July 1, 1974, including incidental benefits such as loss of pay and pension differential between the ranks of Commander and Captain, etc. Defendants, under the same Rule, cross move also for summary judgment. The facts are not really in dispute. They are as follows:

On February 12, 1974, defendant Warner, pursuant to 10 U.S.C. § 5895, furnished to a Selection Board convened under 10 U.S.C. § 5893 the name and record of the plaintiff as one who was eligible for consideration for promotion by the Board to the rank of Captain in the United States Naval Reserve.

Pursuant to § 5897 of Title 10 of the United States Code the Selection Board apparently recommended the plaintiff for promotion and pursuant to § 5898 of such Title, the report of such Board then should "be submitted to the President for his approval or disapproval."

The government concedes that plaintiff's promotion was approved, and pursuant to § 5912 of such Title and § 2 of Article II of the United States Constitution plaintiff's appointment was submitted to the United States Senate to comply with the requirement that appointments in grades above Captain in the Naval Reserve "shall be made by the President, by and with the advice and consent of the Senate". On April 24, 1974 the United States Senate confirmed a temporary appointment to the rank of Captain for the plaintiff.

On May 3, 1974, plaintiff is alleged to have "streaked" through the Belmont Hotel ballroom in New York City in the presence of a group of fellow Naval Reservists and their ladies, all of whom were in civilian clothes at a U. S. Naval Reserve dance at that hotel.

The Chief of Naval Reserves ordered an investigation of the incident. Plaintiff unsuccessfully sought to restrain this investigation in this Court (377 F.Supp. 1039) and in the Court of Appeals (*aff'd* without opinion).

By memorandum dated June 28, 1974 the Secretary of the Navy "approved" a request of Bureau of Personnel "that the Chief of Naval Personnel be authorized to take no action with regard to temporary promotion of the plaintiff to Captain pending resolution of his alleged misconduct" as authorized by 10 U.S.C. § 5902(d), as amended.

On July 1, 1974, plaintiff's "running mates" on the Captains' list assumed the rank of Captain, United States Naval Reserve, but defendants claim plaintiff did not.

Following the investigation the Chief of Naval Reserve found "that this matter cannot be resolved satisfactorily by court martial" and said that he "considers that subject officer by his conduct is no longer qualified to remain on active duty * * * It is therefore recommended that this matter be brought to the attention of the Secretary of the Navy requesting that he be released from active duty and if eligible be given the opportunity to retire but that retirement be in the grade of Commander". (Memorandum from Chief of Naval Reserve to Judge Advocate General, July 15, 1974.)

On November 12, 1974, the Secretary of the Navy "approved" a memorandum for him from the Bureau of Naval Personnel recommending that he "acting for the President," remove Commander Martin's name from the promotion list.

By the Secretary's "approval" of such memorandum defendants maintain that the President removed plaintiff's name from the promotion list in accordance with Title 10 United States Code § 5905(a).

The Secretary, however, seems to have no such power under 10 U.S.C. § 5905(a). He only appears to have the power under 10 U.S.C. § 5902(d), as amended, to delay the promotion of an officer who was under an investigation, etc.

The defendant argues that such power may be presumed to have been delegated to the Secretary. 3 U.S.C. § 302. However, under 3 U.S.C. § 301, by Executive Orders Nos. 10621, 10661 and 11390 the President has expressly delegated certain of his pre-

scribed authority under Title 10 of the United States Code (see e. g., Title 10 U.S.C. §§ 7291, 5083, 5133, etc., and West's Supplementary Pamphlet 1927–1975 for 3 U.S.C.A. at 394, 397, 398, 402) but has not so delegated his authority under Section 5905(a) of such Title. This would clearly seem to indicate that the Secretary had no such "implied delegated authority" and that neither Congress nor the President had made any such delegation expressly or by implication.

This does not, however, defeat the defendants' case because in the last analysis plaintiff's position really is that following the completion of the investigation by the Secretary, the President has failed to complete his appointment (after Senate confirmation) "by failing to prepare or sign the commission". *D'Arco v. United States,* 441 F.2d 1173, 1175, 194 Ct.Cl. 811, 816 (1971); *Marbury v. Madison,* 1 Cranch (5 U.S.) 137, 2 L.Ed. 60 (1803).

■ It is indisputable that the plaintiff was selected for promotion to the "temporary" rank of Captain. Such a promotion is terminable at any time (see 10 U.S.C. § 5596(h), 5779) or revocable at will by the President.

■ Thus there is not even a possible argument that the President had any obligation to complete the plaintiff's appointment by preparing and signing his commission (*cf: Marbury v. Madison,* 1 Cranch (5 U.S.) 137, 2 L.Ed. 60 (1803)), and his failure to do so in this instance may be said to be the equivalent of, or tantamount to, an affirmative removal by him of plaintiff's name from the promotion list under 10 U.S.C. 5905(a).

Viewed in this light, and for such reasons, plaintiff's motion for summary judgment must be denied and defendants cross-motion therefor must be granted.

SO ORDERED.